# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROGER A. RIX,

      Plaintiff,

v.                                Case No.  8:08-CV-1728-T-30MAP

CHARLES B. WELLS, et al.,

      Defendants.

_____/

## ORDER

Plaintiff is a prisoner confined at Jackson Work Camp Malone, Florida. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 2).

Plaintiff names Charles Wells, the Sheriff of Manatee County, and Deputies Depaw and Martinez, deputy sheriffs with the Manatee County Sheriff's Office, as defendants in this action. Because Plaintiff is seeking redress from governmental employees, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails

1

to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.28 U.S.C. § 1915A.

The language of the statute does not distinguish between prisoners who proceed in forma pauperis and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

The Court finds, for reasons set forth infra, that the complaint should be dismissed, without prejudice, prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Discussion**

Plaintiff alleges that on October 31, 2007, while incarcerated at Manatee County Jail, Defendant Depaw opened, outside of Plaintiff's presence, two of Plaintiff's outgoing letters containing legal mail (Dkt. 1 at p. 5). Plaintiff asserts that the letters were clearly addressed to "Jennifer Fury, Public Defender." (Dkt. 1 at p. 6). Plaintiff also alleges that he "was prevented from mounting an informed defense as to the charge against him" and that his attorney "had not received <u>any</u> correspondence from Plaintiff." (Id.)(emphasis in original).

Plaintiff claims that Defendants violated his Fourth Amendment rights when they seized/searched his legal mail without due cause; violated his Sixth Amendment right to assistance of counsel; and violated his Eighth Amendment right to be free from cruel and unusual punishment when Defendants willfully prevented him from communicating with his attorney (Dkt. 1 at p. 11). He seeks monetary damages and an apology from Defendants, and an assurance that the opening of legal mail outside of an inmate's presence will not happen

2

again at Manatee County Jail (Id.).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys").  A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

**Claims against Defendant Wells**

Plaintiff has failed to state a basis for liability as to Sheriff Wells, as Plaintiff apparently seeks to hold him liable on a respondeat superior theory of liability. It is well established that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11thCir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional

deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability. *Wayne*, 197 F.3d at 1106. Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." *Tittle v. Jefferson County Com'n*, 10 F.3d 1535, 1542 (11th Cir. 1994).

Plaintiff does not allege that Sheriff Wells personally participated in the alleged constitutional violation, nor does Plaintiff allege the existence of a custom or policy of the Sheriff's Department regarding interference with legal mail of inmates. Accordingly, Plaintiff fails to state a claim against Defendant Wells.

**Fourth Amendment and Eighth Amendment Claims**

Plaintiff fails to state a claim under the Fourth Amendment. Prisoners have fewer Fourth Amendment rights that non-prisoners. *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984). For instance, prisoners have no Fourth Amendment rights against searches of their prison cells, must submit to visual body-cavity searches executed without individualized suspicion, and must undergo routine tests of their blood, hair, urine, or saliva for drugs.

4

*Padgett v. Donald*, 401 F.3d 1273, 1278 (11th Cir. 2005).  To the extent Plaintiff claims Defendants violated his constitutional rights by opening his legal mail, his claim is properly analyzed under the First and Fourteenth Amendments, as discussed below.

Plaintiff also fails to state a claim under the Eighth Amendment.  The Eighth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishment." *Robinson v. California*, 370 U.S. 660, 666-67 (1962). Consequently, "states may not impose punishments that shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency, or are grossly disproportionate to the offense for which they are imposed." *Hamm v. DeKalb County*, 774 F.2d 1567, 1571 (11th Cir. 1985). With regard to conditions of confinement, a state may violate the Eighth Amendment if it is deliberately indifferent to a prisoner's serious medical needs or if the state fails to provide the prisoner with "reasonably adequate food, clothing, shelter, and sanitation." *Id*. at 1572.

Plaintiff's allegations relate to Defendants opening his outgoing legal mail outside of his presence and, possibly, returning his legal mail to him.  His allegations are clearly in the nature of an access to courts claim and denial of his free speech rights under the First Amendment.

**Sixth Amendment Claim and Construed First and Fourteenth Amendment Claims**

Plaintiff appears to assert that Defendants violated his Sixth Amendment right to effective representation by counsel.  Plaintiff, however, does not allege specific facts demonstrating how he was denied effective representation by counsel.

Construing Plaintiff's complaint liberally, the Court finds that Plaintiff raises a claim for a denial of his free speech rights under the First Amendment, and a denial of access to the courts under the Fourteenth Amendment.  Prisoners have a right to access to the courts under the Fourteenth Amendment. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998)(citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). A prisoner raising an access-to-court claim "must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement…'Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.'" *Id.* (citation omitted)*; see also Blount v. Kearse*, 2007 U.S. Dist. LEXIS 6399 at *3 (M.D. Ga. Jan. 30, 2007)("The right of access to the courts extends only as far as protecting a prisoner's ability to present pleadings in a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement.").

Because Plaintiff has failed to allege that Defendants' conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to the conditions of his confinement, Plaintiff has failed to meet the standard for access-to-court claims set forth in *Wilson*. Thus, Plaintiff fails to state an access to courts claim that is cognizable under the Constitution.

"[T]he right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). "[A] prison inmate 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate

penological objectives of the corrections system.'" *Id.* (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). However, "[w]hile a prisoner has a right to be present when his legal mail is opened…an isolated incident of mail tampering is usually insufficient to establish a constitutional violation…Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" *Id.* (citations and quotations omitted); *see also, Al-Amin*, 511 F.3d at 1334(a state prison's "pattern and practice" of opening attorney mail outside the inmate's presence impinges upon the inmate's right to freedom of speech). Plaintiff fails to allege that Defendants "regularly and unjustifiably" opened his legal mail outside of his presence and interfered with his legal mail. He merely alleges one isolated incident where Defendants opened his outgoing legal mail outside of his presence.  Accordingly, Plaintiff fails to state a constitutional claim for a violation of his First and Fourteenth Amendment rights.

**Claim for Relief**

Plaintiff is not entitled to all of the relief he seeks. To the extent Plaintiff seeks relief from future violations by Defendants and the Manatee County Jail, Plaintiff's claim for injunctive relief appears to be moot, as he is no longer incarcerated at Manatee County Jail. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988)(finding prisoner's claim for injunctive relief regarding conditions of confinement at prison moot where prisoner was no longer incarcerated at prison).

To the extent Plaintiff seeks relief in the form of monetary damages, Plaintiff cannot recover compensatory or punitive damages because he has not alleged any physical injury resulting from Defendants' actions. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2000) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000)] (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson [v. McMillian*, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant.").

**Leave to Amend**

Within 30 days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above.[1] The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim for which relief can be granted 28 U.S.C. § 1915A(b)(1) (Dkt. 2). Plaintiff has thirty (30) days from the date of this Order to file an amended complaint in compliance with this Order.

2.      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall, without further notice, enter a judgment of dismissal of this action with prejudice.

---

[1] See *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541 (11th Cir. 2002)(en banc)("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

9

3.      The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint by a prisoner.

**DONE** and **ORDERED** in Tampa, Florida on September 16, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies furnished to:
*Pro Se* Plaintiff

10