UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER A. RIX,

    Plaintiff,

v.                                       Case No. 8:08-CV-1728-T-30MAP

MANATEE COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff is a former State of Florida prisoner who initiated this action while incarcerated by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 2). On October 14, 2008, Plaintiff filed an Amended Complaint (Dkt. 11). On December 1, 2008, Plaintiff filed notice with the Court that he was no longer incarcerated (Dkt. 17).

**DISCUSSION**

In his Amended Complaint, Plaintiff essentially alleges that Defendants violated his constitutional rights when they interfered with his legal mail. For relief, Plaintiff seeks $30,000 in damages.[1]

---

[1] Although Plaintiff seeks damages "for wages and real property lost and forfeited due to this incident", Plaintiff fails to set forth any facts showing how the interference with his legal mail regarding his criminal case caused him to lose wages and property.

1

The Plaintiff's Amended Complaint is barred by 42 U.S.C. §1997e(e) because the Plaintiff fails to allege that he suffered any physical injury as a result of the alleged constitutional violation. Section 1997e(e) bars prisoner civil actions for "mental or emotional injury suffered while in custody without a prior showing of physical injury." A plaintiff, who files his complaint while in custody, who does not allege any physical injury as a result of an alleged First Amendment violation may not seek compensatory or punitive damages, but can seek nominal and equitable relief. *See Frazier v. McDonough*, 264 Fed.Appx. 812, 815 (11TH Cir. 2008); *Smith v. Allen*, 502 F.3d 1255, 1271 (11TH Cir. 2007).

This Court must examine Plaintiff's Amended Complaint to determine whether it can be liberally construed to request relief other than compensatory damages. *Frazier*, *supra* at 815. There is no indication that Plaintiff seeks any relief other than compensatory damages. Accordingly, the Amended Complaint must be dismissed without prejudice pursuant to 42 U.S.C. §1997e(e). *See Harris v. Garner*, 216 F.3d 970, 980 (11 Cir. 2000) (en banc), *cert. denied*, 532 U.S. 1065 (2001)(Dismissals of claims for monetary damages under §1997e(e) "should be without prejudice to re-filing the claim if and when the plaintiff is released.").

## CONCLUSION

Plaintiff's Amended Complaint is barred by 42 U.S.C. §1997e(e). The Amended Complaint must be dismissed without prejudice to Plaintiff to bring his claims in a new complaint under a new case number now that he is released from custody (if the applicable statute of limitations permits), and 42 U.S.C. §1997e(e) would be inapplicable.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Amended Complaint is **DISMISSED** without prejudice to Plaintiff filing a new complaint, in a new case, with a new case number.

2. The Clerk of Court is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies furnished to:
*Pro Se* Plaintiff